IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHARLES F. CARDONE,                                     )
                                                        )
                      Plaintiff,                        )
                                                        ) CONSOLIDATED
        v.                                              ) Civ. No. 05-536-KAJ
                                                        ) Civ. No. 05-600-KAJ
CORRECTION OFFICER HAMMOND,    )
CORRECTION OFFICER MORGAN,     )
STAN TAYLOR, PAUL HOWARD,       )
GOVERNOR RUTH ANN  MINNER,      )
FIRST CORRECTIONAL MEDICAL,     )
C/O JONATHON BAKER, C/O FLOYD,  )
C/O CHAFFINCH, FIRST            )
CORRECTIONAL SCI NURSE SALLY,  )
T. HENLEY GRAVES, C/O DRUGASH, )
C/O MORRIS, C/O HAZEL, CHIEF    )
JUSTICE MYRON STEELE, JIM       )
LUPINETTI, JACK SINES, WARDEN   )
RICHARD KEARNEY, COMMANDANT )
OF DELAWARE STATE POLICE        )
TROOP 4, and CPT. TIMOTHY       )
WINSTEAD,                       )
                                                        )
                      Defendants.                       )

**MEMORANDUM ORDER**

Charles F. Cardone ("Cardone"), an inmate at the Delaware Correctional Center

("DCC") brings this consolidated civil rights action pursuant to 42 U.S.C. §1983. He

appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915. (D.I. 3.) I now proceed to review and screen the complaints and

amended complaints pursuant to 28 U.S.C. § 1915 and § 1915A. (Civ. No. 05-536-

KAJ, D.I. 2, 4, 11, 19, 22, 31; Civ. No. 05-600-KAJ, D.I. 1, 29.)

For the reasons discussed below, I am dismissing the claims against Stan Taylor

("Taylor"), Paul Howard ("Howard"), Governor Ruth Ann Minner ("Governor Minner"),

Judge T. Henley Graves of the Delaware Superior Court ("Judge Graves"), Chief

Justice of the Delaware Supreme Court Myron Steele ("Chief Justice Steele"), Jack

Sines ("Sines"), Warden Kearney ("Warden Kearney"), Cpt. Timothy Winstead

Commander of the Delaware State Police Troop 4 ("Cpt. Winstead"), and Cpl/3 R.

Fenney ("Fenney") pursuant to 28 U.S.C. §1915(e)(2)(B) and § 1915A(b)(1) as the

claims are either frivolous, fail to state a claim upon which relief may be granted, or are

brought against defendants who are immune from suit.

## I.     THE COMPLAINT

Cardone initially brought suit on July 25, 2005, and since that time has filed

several amendments and a second lawsuit, since consolidated.  (Civ. No. 05-536-KAJ,

D.I. 2, 4, 11, 19, 22, 31; Civ. No. 05-600-KAJ, D.I. 1, 29.)  The amendments elaborate

upon the allegations in the original complaint.  "A party may amend the party's pleading

once as a matter of course at any time before a responsive pleading is served." Fed.

R. Civ. P. 15(a).  To date, the parties have not yet been served.  Accordingly, I will

proceed to review all documents filed by Cardone that contain allegations against the

defendants.

The actions Cardone complains of occurred at the Sussex Correctional Institute

("SCI").  Cardone alleges that, while a pretrial detainee at the SCI, he was the victim of

three unprovoked attacks, in violation of the Eighth Amendment of the U.S.

Constitution.  On May 23, 2005, he was transferred from SCI and is now housed at

DCC.  So there is no confusion, Cardone is put on notice that excessive force claims for

pretrial detainees are analyzed under the Fourteenth Amendment, *Sylvester v. City of*

*Newark,* 120 Fed.Appx. 419, 423 (3d Cir. 2005), and excessive force claims for those

convicted of a crime are analyzed under the Eighth Amendment, *Graham v. Connor,* 409 U.S. 386, 395 n. 10 (1989).

In his complaint Cardone states that he wants the following individuals to be held accountable and names as defendants SCI employees C/O Jonathon Baker ("Baker"), C/O Floyd[1] ("Floyd"), C/O Chaffinch ("Chaffinch"), C/O Hammond ("Hammond"), C/O Morgan ("Morgan"), Nurse Sally ("Nurse Sally"), C/O Drugash ("Drugash"), C/O Morris ("Morris"), C/O Hazel ("Hazel"), and Warden Kearney; Judge Graves; Chief Justice Steele; DOC Internal Affairs Officers Jim Lupinetti and Sines; Taylor, Howard, Governor Minner, First Correctional Medical, Cpt. Winstead, and Fenney[2].

Cardone alleges that in November 2004 he was the victim of excessive force by Baker, and that this attack was witnessed by Floyd and Chaffinch. Cardone alleges that following the November 2004 beating, the medical department would not provide him with treatment and his sick call slips went unanswered.

Approximately ten days after the alleged beating, Cardone appeared in state court before Judge Graves. During the hearing, Cardone advised Judge Graves that he was recovering from a severe beating. Cardone alleges that Judge Graves responded, "you don't look too worse for wear", and the hearing continued. Cardone filed a formal complaint against Judge Graves which was dismissed *sua sponte* by Chief Justice

---

[1] In Civ. No. 05-536-KAJ, C/O Floyd is listed as a defendant in the court docket twice: the first time as the eighth named defendant and then again as the last named defendant. The clerk of the court is directed to remove the second listing.

[2] The court docket in Civ. No. 05-536-KAJ lists as defendants "Commandant of Delaware State Police Troop 4" and "Cpt. Timothy Winstead". The clerk of the court is directed to correct the court docket to list the Delaware State Police defendants as "Cpt. Timothy Winstead, Commander of the Delaware State Police Troop 4" and "Cpl/3 R. Fenney".

Steele.  Cardone alleges that Judge Graves and Chief Justice Steele are liable because he wrote letters and filed a formal complaint, yet they failed to investigate and intervene in his allegations of excessive force.

Cardone alleges that he was attacked a second time by Drugash, Morris, and Hazel.

Cardone alleges that the third attack occurred on either May 16 or 18, 2005[3], at the SCI, inside the rooms of First Correctional Medical, when he was the victim of excessive force by Hammond and Morgan.  He alleges that Nurse Sally witnessed the attack, and that she rendered "superficial" medical care.  Following the alleged beating, Cardone was placed in "the hole" at SCI.

Cardone alleges that he wrote a letter to Troop 4 of the Delaware State Police insisting that he wished to press charges of attempted murder against Hammond and Morgan.  Cardone alleges that Fenney signed the receipt showing delivery of that letter. Cardone also alleges that he wrote a letter to Jim Lupinetti of the Department of Correction Internal Affairs asking him to investigate the matter.  Finally, Cardone alleges that he is concerned that Warden Kearney "and his bunch" will "mess with his mail", and that his life is in jeopardy.

Cardone seeks compensatory and punitive damages.  He asks the Court to find that the defendants violated his rights under the Eighth Amendment of the U.S. Constitution.  Finally, he wants attempted murder charges to be brought against defendants Hammond, Morgan, Drugash, Baker, Floyd and Chaffinch.

---

[3]The allegations refer to both dates.

## II.   STANDARD OF REVIEW

When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court.  Section1915A(b)(1) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.   ANALYSIS

### A.   Judicial Immunity

Cardone's claims against Judge Graves and Chief Justice Steele fail.  Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction." *Id*. at 11-12.  Here,

5

Cardone complains that he notified Judge Graves and Chief Justice Steele of the November 2004 attack. According to the allegations in the complaint, this first occurred at the December 2004 court hearing when after learning of the alleged beating, as alleged by Cardone, Judge Graves showed a lack of concern. Cardone attached to his pleadings documents indicating that following the state court hearing he filed a judicial complaint against Judge Graves. On May 21, 2005, Chief Justice Steele dismissed the complaint, *sua sponte*[4], noting that the complaint did not invoke the limited jurisdiction of the Court on the Judiciary, which has the authority only to discipline a judicial officer for proscribed misconduct.

In the case at bar, the complaint contains no allegations that either Judge Graves or Chief Justice Steele acted outside the scope of their judicial capacity or in the absence of their jurisdiction. *Mireles*, 502 U.S. at 11. To the contrary, the allegations refer to actions taken by Judge Graves and Chief Justice Steele while acting in their judicial capacity. Judge Graves and Chief Justice Steele are, therefore, immune from suit for monetary liability under 42 U.S.C. § 1983. Accordingly, Cardone's claim against them lacks an arguable basis in law or in fact and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## B.     Pleading Deficiencies

Cardone also names as defendants Taylor, Howard, Governor Minner, Sines, Warden Kearney, Cpt. Winstead, and Fenney. A civil rights complaint must state the

---

[4]Cardone filed Chief Justice Steele's order with his complaint, in derogation of the Chief Justice's ruling which states that the order shall be confidential and that all persons are required to honor the confidentiality "unless the Court shall otherwise order on request of the judicial officer involved". (D.I. 2.)

conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, No. 04-1786, 128 Fed.Appx. 240 (3d. Cir. 2005).

In the present case, other than to state that he wants Taylor, Howard, Governor

Minner and Sines to be held accountable for his claims, Cardone does not associate

any of his allegations with any of these defendants.  Additionally, in reviewing the

allegations, it is evident that Cardone names Cpt. Winstead[5] as a defendant based

upon his status as the Commandant of the Delaware State Police Troop 4.  There are

simply no allegations that any of these defendants were personally involved or had any

supervisory liability for the alleged constitutional deprivations claimed by Cardone.

As to Warden Kearney, Cardone alleges that he is concerned that Warden

Kearney will "mess with his mail".  This statement alleges a speculative, future event,

and falls far short of alleging a § 1983 claim.  Finally, as to Fenney, Cardone names

him as a defendant because he signed for the letter that Cardone mailed to the

Delaware State Police.  This act does not rise to the level of a constitutional violation.

Accordingly, Cardone's claims against Taylor, Howard, Governor Minner, Sines,

Warden Kearney, Cpt. Winstead, and Fenney lack an arguable basis in law or in fact,

and they are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1).

---

[5]In naming defendants from the Delaware State Police, Cardone alleges that he asked the
Delaware State Police Troop 4 to press criminal charges against Hammond and Morgan, but no charges
were filed.  While it is clear that prisoners are entitled to access to the judicial system, there is no duty to
file a criminal complaint simply upon Cardone's request. *See Derreck-Bey v. Pennsylvania Dep't of Corr.*,
98 F.Supp.2d 650, 664 (E.D.Pa. 2000).  Also, the complaint does provide any particulars as to what the
Delaware State Police allegedly refused to do or whether Cpt. Winstead or Fenney were the officials
responsible to ensure that criminal charges were filed. *Id.*

## IV.    APPOINTMENT OF COUNSEL

In his October 11, 2005, letter Cardone asks that I appoint him counsel. (Civ. No. 05-536-KAJ, D.I. 18; Civ. No. 05-600-KAJ, D.I. 16.) It is within this Court's discretion to appoint plaintiff an attorney, but only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). Having reviewed plaintiff's complaint, I find that his allegations are not of such a complex nature as to warrant appointment of counsel at this time. Therefore, I am denying, without prejudice, the motion for appointment of counsel.

## V.    CONCLUSION

IT IS THEREFORE ORDERED as follows:

1.    The motions for appointment of counsel (Civ. No. 05-536-KAJ, D.I. 18; Civ. No. 05-600-KAJ, D.I. 16) are DENIED without prejudice.

2.    The claims against Stan Taylor, Paul Howard, Governor Ruth Ann Minner, Judge T. Henley Graves, Chief Justice Myron Steele, Jack Sines, Warden Kearney, Cpt. Timothy Winstead, and Cpl/3 R. Fenney are DISMISSED without prejudice as legally and factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

3.     Cardone has raised what appear at this point to be cognizable Eighth Amendment claims for excessive force, failure to protect, failure to investigate, and deliberate indifference to serious medical needs against Hammond, Morgan, First Correctional Medical, Jonathon Baker, Floyd, Chaffinch, First Correctional SCI Nurse Sally, Drugash, Morris, Hazel, and Jim Lupinetti.  He is allowed to PROCEED with those claims.

IT IS FURTHER ORDERED that:

1.     The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2.     Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff Charles F. Cardone shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **the remaining defendants** (i.e., Hammond, Morgan, First Correctional Medical, Jonathon Baker, Floyd, Chaffinch, First Correctional SCI Nurse Sally,  Drugash, Morris, Hazel, and Jim Lupinetti), as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. TIT. 10 § 3103(c).  **Additionally, Cardone shall provide the Court with one copy of the complaint** (Civ. No. 05-536-KAJ, D.I. 2; Civ. No. 05-600-KAJ, D.I. 1) **and the amended complaints** (Civ. No. 05-536-KAJ, D.I.  4, 11, 19, 22, 31; Civ. No. 05-600-KAJ, D.I. 29) **for service upon each remaining defendant.  Furthermore, Cardone is notified that the United States Marshal will not serve the complaints and amended complaints until all "U.S. Marshal 285" forms have been received by the Clerk of the Court.  Failure to provide the "U.S. Marshal 285" forms for each defendant**

10

**and the attorney general within 120 days of this order may result in the complaint**

**being dismissed or defendants being dismissed pursuant to Federal Rule of Civil**

**Procedure 4(m).**

3.      Upon receipt of the form(s) required by paragraph 2 above, the United

States Marshal shall forthwith serve a copy of the complaint and the amended

complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of

Waiver" form upon each of the defendants so identified in each 285 form.

4.      Within **thirty (30) days** from the date that the "Notice of Lawsuit" and

"Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form

has not been received from a defendant, the United States Marshal shall personally

serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall

be required to bear the cost related to such service, unless good cause is shown for

failure to sign and return the waiver.

5.      Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served

with process timely returns a waiver as requested, is required to answer or otherwise

respond to the complaint within **sixty (60) days** from the date upon which the

complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are

sent.  If a defendant responds by way of a motion, said motion shall be accompanied by

a brief or a memorandum of points and authorities and any supporting affidavits.

6.      No communication, including pleadings, briefs, statement of position, etc.,

will be considered by the Court in this civil action unless the documents reflect proof of

service upon the parties or their counsel.

7.     **NOTE:** \*\*\* When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

8.     **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

_____
UNITED STATES DISTRICT JUDGE

March 17, 2006
Wilmington, Delaware