IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES CARDONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-536-KAJ |
| | ) | |
| JONATHAN BAKER, et al., | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

COME NOW, the State defendants, by and through undersigned counsel, and move this Honorable Court to deny Plaintiff's motion for appointment of counsel. In support of their opposition, State defendants represent as follows:

1.  Charles Cardone ("Cardone" or "Plaintiff") is an inmate at the Delaware Correctional Center (DCC") in Smyrna, Delaware. Plaintiff filed this lawsuit on July 25, 2005. (D.I. 2). He filed an amended complaint on August 15, 2005. (D.I. 4). On October 14, 2005, Plaintiff filed a motion for appointment of counsel. (D.I. 18). This motion was denied on March 17, 2006. (D.I. 34). Between the dates of May 17, 2006 and July 18, 2006, various defendants were served with the lawsuit.

2.  In his lawsuit, Cardone alleges that he was assaulted by correctional officers, while at Sussex Correctional Institution ("SCI"). (D.I. 4). He is requesting compensatory and punitive damages along with a complete physical examination. (D.I. 2 and 4).

3.  In support of his motion for appointment of counsel, Plaintiff enumerates the following: 1) "the complexity of the federal law; 2) "the complex nature of the issues involved in

my claim"; and 3) lack of education, impairing his ability to present his case. Each of the factors set forth in Plaintiff's Motion for Appointment of Counsel are present in any civil case filed by an incarcerated plaintiff.

    4.    *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. (See, *Smith Bey v. Petsock*, 741 F. 2d 22, 25 (3d Cir. 1984)). It is solely within the Court's discretion to appoint counsel for the plaintiff; however, such an appointment is "usually only granted upon a showing of special circumstances indicating a likelihood of substantial prejudice to him resulting... from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case." Id at 26, *accord, Pierce v. Vaughn*, 1992 WL 210122 (E.D.Pa.); *Robinson v. Barone*, 1992 WL 236869 (E.D. Pa.). The factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, the plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses' credibility will be key issue, and the need for expert testimony. *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993), *cert. denied*, 114 S. Ct. 1306 (1994).

    5.    Plaintiff's complaint and amended complaints articulate his claims in a fairly clear manner. Although he has no legal training, he has bee able to access both the federal and state courts to press various claims.[1] Plaintiff has a clear understanding of the issues involved in this case and has proven himself adept in responding to opposing counsel and addressing his claims in this Court. Further, Plaintiff fails to establish that without the appointment of counsel that he demonstrates any other "special circumstances indicating the likelihood of substantial

---

[1] Plaintiff has filed approximately seven other cases in the U.S. District Court, and he has also filed a case in the Justice of the Peace Court #9.

prejudice" cited by the Court in *Smith-Bey*. *Smith-Bey* at 26. The State contends that Plaintiff has demonstrated that he is fully capable of litigating this lawsuit, making appointment of counsel unnecessary. Contrary to Plaintiff's claim, this case is neither factually or legally complex, and therefore, court appointed counsel is not warranted.

**WHEREFORE,** the State defendants respectfully request that the Honorable Court deny Plaintiff's Motion for Appointment of Counsel.

          **STATE OF DELAWARE**
          **DEPARTMENT OF JUSTICE**

          /s/ Lisa Barchi
          Lisa Barchi, I.D. # 3927
          Deputy Attorney General
          Carvel State Office Building
          820 North French Street, 6th Fl.
          Wilmington, DE 19801
          (302) 577-8400
          lisa.barchi@state.de.us

Date:  July 25, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2006, I electronically filed *State Defendants' Opposition to Plaintiff's Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF. I hereby certify that on July 25, 2006, I have mailed by United States Postal Service, the document to the following non-registered participants:

Charles Cardone
SBI # 098159
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us