Charles Francis Cardone
DE Correctional Center
Smyrna, DE 19977
SBI #098159

United States District Court
For the State of Delaware

Charles F. Cardone                     Civil Act. # 05-536-JJF
      Plaintiff,
   vs.                                 Plaintiff's First
                                       Set of Interrogatories
Jonathon Baker, et al.,                to Defendant Jonathon
      Defendants                       Baker

——— Interrogatories ———
Defendants Baker, Floyd and Chaffinch

FILED
JAN 28 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Definitions and Instructions

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Order of this Court, Plaintiff Charles F. Cardone (hereinafter "Cardone or P"), hereby requests that Defendants ("D"), answer the following interrogatories under oath, in accordance with the Definitions and Instructions set forth below within (30) thirty calendar days after service of these Interrogatories:

(a) As used herein, the term "document" means every type of recorded information dated or prepared prior to or subsequent to this action, including but not limited to any memoran-

-1-

dam, note, report, letter, correspondence, message, record, minutes, work sheet, draft, instruction, work assignment, internal communication, order, and any other written, recorded, electronic, or graphic material however produced or reproduced and, in the absence of the original, a copy thereof and any copy bearing markings not present on the original or copy thereof.

(b) the word "incident" includes the circumstances and events surrounding the alleged beating of plaintiff and the alleged assault and battery on plaintiff, and the alleged denial of medical treatment to plaintiff and other occurrences giving rise to this action.

(c) the word "identify" as used with respect to any documents is understood to mean the following: 1) title; 2) date; 3) name and position of originator; 4) name and position of any and all recipients; 5) name and position of any other person who received copies or any portion of the document in question; 6) description of the document ~~in question~~ subject matter in question and contents; 7) location of the document; 8) name and position of the custodian of the document.

(d) the word "identify" as used with respect to any person, is understood to mean the following information is to be provided: 1) full name; 2) present or last known home address; 3) present or last known business address; 4) occupation and title; and 5) present or last known employer.

Interrogatories for C/O(s) Baker, Floyd, Chaffinch and ~~nurse Diane~~

1. Identify the ~~four~~ three defendents listed in this set of interrogatories.

2. On or about the 3rd week of November of 2004, the approximate date and time being 4:30 a.m., were the 3 correctional officers named above working the 12-8 morning shift of the alleged beating of "P"?

3. Were the ~~four~~ defendents listed above working in the MSB on or about the 3rd week of November, 2004?

~~4. Was defendent, nurse diane, working the day shift, 8am -~~

— 2 —

4. As to C/O Jonathon Baker, did Baker enter ASDA 3 and tell "P" that "P" was to go with Baker? Did "D" place handcuffs on "P"?

5. When "P" reached for his teeth to place in P's mouth, did D tell P "you won't need them"?

6. When Plaintiff and Defendant Baker walked the approximately 5 paces to the steel door leading to the infirmary and to the gymnasium, did P and D stop before going through that door?

7. As P and D were standing at the door, could the inmates that were P's cellmates see P and D while they standing at that steel door?

8. Was Defendant Baker aware that 2 of P's cellmates in ASDA 3 were watching the entire alleged beating of P?

9. While D Baker and P were standing at that door, as stated in #6 above, did D's Floyd and Chaffinch arrive?

10. Did D(s) Floyd and Chaffinch do, or say, anything to stop D Baker from slamming P's head into the wall and the door?

11. Did D(s) Floyd and Chaffinch intervene in any way to stop D Baker once a gash was opened up above P's right eye while Baker was slamming P's head into the wall and the door?

12. When the above alleged beating and assault and battery on P by D Baker was concluded, did P ask D's Baker, Floyd and Chaffinch to take him to medical, which was approx. 10 feet away through those 2 steel door, to tend to P's medical

—3—

needs?

13. After refusing P's request in #12, did D(s) Baker, Floyd and Chaffinch place P in ASDA 1 which was approximately 15 feet away from ASDA 3, while P's head was still bleeding profusely?

14. After placing P in ASDA 1, did D(s) leave P alone in ASDA 1, not to return?

15. Were, and are, D's Baker, Floyd, and Chaffinch aware that at approximately 0839 hrs, approx. 3 hours later, P was allowed to go to medical only to have nurse Diane tell P he was to go back to his cell and to clean his head wound, himself?

Dated: January 21, 2008

By: Charles F. Cardone, pro se
DE Correctional Center
SBI #098159
Unit (17) BU9
1181 Paddock Rd.
Smyrna, DE 19977

4

## Certificate of Service

I, Charles F. Cardone, hereby certify under penalty of perjury that a true and correct copy of the Interrogatories has been provided to the below-listed parties, by handing said interrogatories to a SHU correctional officer to place in this prison's United States Mail system on the 24th day of January, 2008, to:

Stacey Xarhoulakos, DAG
820 N. French St.,
Wilmington, DE 19801

and

Daniel L. McKenty
1225 King St., Suite 1100
Wilmington, DE 19899

by:
Charles F. Cardone, pro se
SBI #098159
Smyrna Prison

Date: January 21, 2008

DE District Ct, C.A. 05-536-JJF

